**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEVAUGHN EDWARDS,** | : | **CIVIL NO. 1:15-CV-335** |
| | : | |
| **Plaintiff,** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SPECIALIZED LOAN SERVICING,** | : | |
| **LLC.,** | : | |
| | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

I.      **Statement of Facts and of the Case**

This is a *pro se* civil rights action brought by DeVaughn Edwards, arising out

of a various efforts by Edwards in state court in New Jersey to stave off a mortgage

foreclosure.  (Doc. 1.)  At the outset, in its current form, this case is something of a

puzzlement, since we do not understand why this action is filed in the United States

District Court for the Middle District of Pennsylvania.  Our puzzlement on this score

is a function of the plaintiff's pleadings, which allege that the plaintiff lives in

Royersford, Pennsylvania, which is located within the venue of the United States

District Court for the Eastern District of Pennsylvania.  The complaint further asserts

that the defendant is a commercial mortgage serving firm which is located in

Colorado.  The property which is the subject of these proceedings, in turn, is found in

New Jersey.  Thus, the complaint on its face seems to allege facts which demonstrate venue elsewhere but alleges that no venue lies here over the parties' dispute.

Beyond, this threshold issue, we note that the complaint, and other undisputed court records, reveal that this case is, in fact, the third lawsuit filed relating to this New Jersey property and mortgage.  As a result of these prior state legal proceedings relating to this mortgage and property, there is much about this case which is essentially undisputed.

In June of 2006, Edwards purchased a property in New Jersey.  (Doc. 10-2.)  At the time of this purchase Edwards took out a mortgage which subsequently was transferred and reassigned on several occasions before coming into the defendant's possession.  (Id.)  In 2009, Edwards then brought the first lawsuit relating to this mortgage in New Jersey courts, seeking rescission of the loan on legal grounds that in many respects mirror those now set forth by Edwards in his current federal complaint.  (Id.)  New Jersey court records reveal that all of the claims advanced by Edwards in his 2009 lawsuit were dismissed in 2010 and that dismissal was affirmed by the appellate courts in New Jersey.  (Id.)

In December of 2014, the defendant, who is the current holder of this mortgage, filed a foreclosure action in state court in New Jersey.  (Id.)  That state mortgage foreclosure case remains pending, and Edwards has raised the claims which he

unsuccessfully pursued in New Jersey in 2009, and which he has repeated in the instant case, as defenses to the state mortgage foreclosure action. (<u>Id</u>.)

Following the filing of this foreclosure action, Edwards then, inexplicably, filed this lawsuit before this Court. (Doc. 1.)  The defendants have moved to dismiss the complaint, (Doc. 10 and 11.) and Edwards has filed a response in opposition to this motion. (Doc. 12.)  Therefore, this matter is ripe for resolution.  Upon a review of these pleadings, for the reasons set forth below, it is recommended that the motion to dismiss be granted, and Edwards' complaint be dismissed.

## II.    <u>Discussion</u>

### A.    <u>Rule 12(b)(6)– The Legal Standard</u>

The defendant has filed a motion to dismiss this complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years.  Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have

seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be

– 4 –

granted when ruling on a motion to dismiss.  In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  <u>Id.</u> at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u> at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal</u>, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to

show that the plaintiff has a 'plausible claim for relief.'  In other words,
a complaint must do more than allege the plaintiff's entitlement to relief.
A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has observed:  "The Supreme Court in Twombly set

forth the 'plausibility' standard for overcoming a motion to dismiss and refined this

approach in Iqbal.  The plausibility standard requires the complaint to allege 'enough

facts to state a claim to relief that is plausible on its face.'  Twombly, 550 U.S. at 570,

127 S.Ct. 1955.  A complaint satisfies the plausibility standard when the factual

pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged.'  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S.

at 556, 127 S.Ct. 1955).  This standard requires showing 'more than a sheer possibility

that a defendant has acted unlawfully.'  Id.  A complaint which pleads facts 'merely

consistent with' a defendant's liability, [ ] 'stops short of the line between possibility

and plausibility of "entitlement of relief." ' "  Burtch v. Milberg Factors, Inc., 662 F.3d

212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S.

2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-

step analysis:  "First, the court must 'tak[e] note of the elements a plaintiff must plead

to state a claim.'  Iqbal, 129 S.Ct. at 1947.  Second, the court should identify

allegations that, 'because they are no more than conclusions, are not entitled to the

assumption of truth.' <u>Id.</u> at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' <u>Id.</u>"  <u>Santiago v. Warminster Tp.</u>, 629 F.3d 121, 130 (3d Cir. 2010).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record.  <u>Sands v. McCormick,</u> 502 F.3d 263, 268 (3d Cir. 2007).  The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."  <u>Pension Benefit Guar. Corp. v. White Consol. Indus.,</u> 998 F.2d 1192, 1196 (3d Cir. 1993).  Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered."  <u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 560 (3d Cir. 2002); <u>see also, U.S. Express Lines, Ltd. v. Higgins</u>, 281 F.3d382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment.").  However, the court may not rely on other parts of the record in determining a motion to dismiss.  Jordan v. Fox, Rothschild, O'Brien &Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.  Judged against these benchmarks, we conclude that Edwards' complaint fails to state a claim upon which relief may be granted.  Therefore, the court should grant the defendant's motion to dismiss the complaint.

### B.   <u>Venue Does Not Lie Over This Case in This District</u>

At the outset, we note that it appears that this case has been brought in the wrong venue.  The complaint alleges that the plaintiff lives in Royersford, Pennsylvania, which is located within the venue of the United States District Court for the Eastern District of Pennsylvania.  The complaint further asserts that the defendant

is a commercial mortgage serving firm which is located in Colorado.  The property which is the subject of these proceedings, in turn, is found in New Jersey.

The proper venue for a claim in federal court is defined by statute, 28 U.S.C. §1391, in the following terms:  "(b) Venue in general.--A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b).  Here, it is apparent that these defendant resides in Colorado; the plaintiff, in turn, lives in the Eastern District of Pennsylvania; and the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in New Jersey.  Therefore, venue over these parties, events and claims simply does not seem to exist in this Court.

When it appears that a case has been brought in the wrong venue, there are two potential remedies available to the court.  The court may either dismiss the action for lack of venue pursuant to 28 U.S.C. §1406, and  Rule 12(b)(3) of the Federal Rules of Civil Procedure, or "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  In this case, it is submitted that dismissal, rather than transfer, is the proper course to follow given the apparent lack of venue over these claims and parties, and the other legal obstacles

to advancing these claims which we discuss below.  Indeed, when one considers the animating factor governing transfer decisions–the interest of justice– it is evident that the interest of justice would not be served by transferring this case to some other court for its consideration.  Rather, those claims should be dismissed, and Edwards may then seek to bring whatever claims he believes he may have in the proper venue at some future date.[1]

### C.   The Rooker-Feldman Doctrine and Issue Preclusion Rules Bar This Court From Entertaining Claims Which, In Effect, Compel Us to Review State Court Mortgage Decisions

There is yet another fundamental flaw in this complaint, and proposed amended complaint.  This matter arises out of prior state mortgage litigation which concluded with the entry of a  judgment against the plaintiff.  Edwards unsuccessfully appealed this judgment to the state appellate court in New Jersey which affirmed the decision denying him relief on this mortgage.  Thus, the complaint contains claims which

---

[1]While an objection to venue may be waived by a defendant, this Court is permitted *sua sponte* to raise the issue of an apparent lack of venue, provided the court gives the plaintiff notice of its concerns and an opportunity to be heard on the issue.  See e.g., Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996)(" a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).  Through this report and recommendation we are providing such notice to the plaintiff in this case.

necessarily invite a federal court to *de novo* review, re-examine and reject state court rulings in this prior state mortgage case.

This we cannot do.  Indeed, the United States Supreme Court has spoken to this issue and has announced a rule, the Rooker-Feldman doctrine, which compels federal district courts to decline invitations to conduct what amounts to appellate review of state trial court decisions.  As described by the Third Circuit:

> That doctrine takes its name from the two Supreme Court cases that gave rise to the doctrine.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).  The doctrine is derived from 28 U.S.C. § 1257 which states that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court....".  See also Desi's Pizza, Inc. v. City of Wilkes Barre, 321 F.3d 411, 419 (3d Cir.2003).  "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions."  Desi's Pizza, 321 F.3d at 419.

Gary v. Braddock Cemetery, 517 F.3d 195, 200 (3d Cir. 2008).

Because federal district courts are not empowered by law to sit as reviewing courts, reexamining state court decisions, "[t]he Rooker-Feldman doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication."  Turner v. Crawford Square Apartments III, LLP,, 449 F.3d 542, 547

(3d Cir. 2006). Cases construing this jurisdictional limit on the power of federal courts have quite appropriately:

> [E]mphasized the narrow scope of the Rooker-Feldman doctrine, holding that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." [Exxon Mobil Corp. v. Saudi Basic Industries Corp.], 544 U.S. at 284, 125 S.Ct. at 1521-22; see also Lance v. Dennis, 546 U.S. 459, ----, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006)

Id.

However, even within these narrowly drawn confines, it has been consistently recognized that the Rooker-Feldman doctrine prevents federal judges from considering lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," particularly where those lawsuits necessarily require us to re-examine state mortgage litigation rulings. See, e.g., Moncrief v. Chase Manhattan Mortgage Corp., 275 F. App'x 149 (3d Cir. 2008)(Rooker-Feldman doctrine precludes re-litigation of state mortgage foreclosure in federal court); Ayres-Fountain v. Eastern Savings Bank, 153 F. App'x 91 (3d Cir. 2005)(same); In re Knapper, 407 F.3d 5773 (3d Cir. 2005)(same); Downey v. Perrault, No. 09-1018, 2009 WL 3030051 (D.N.J. Sept. 15, 2009)(same); Easley v. New

Century Mortgage Corp., No. 08-4283 (E.D. Pa. July 28, 2009)(same); Laychock v. Wells Fargo Home Mortgage, No. 07-4478, 2008 WL 2890962 (E.D.Pa. July 23, 2008)(same).

In the context of federal litigation challenging prior state mortgage judgments a "claim is barred by Rooker-Feldman under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong.  In either case, Rooker-Feldman bars a litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims."  In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005).  For purposes of applying this doctrine to federal lawsuits attacking prior state mortgage cases:  "A federal claim is inextricably intertwined with an issue adjudicated by a state court when:  (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment....  In other words, Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders."  In re Knapper, 407 F.3d at 581 (citations omitted).  Thus:

"<u>Rooker-Feldman</u> does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its own orders." <u>In re Knapper</u>, 407 F.3d 573, 580 (3d Cir.2005). "A mortgage foreclosure action depends upon the existence of a valid mortgage. . . . . [Therefore] if [plaintiff's] claim . . . were permitted to proceed and [plaintiff] obtained a favorable judgment, the resulting federal judgment would necessarily negate the state court foreclosure judgment, a judgment which had been rendered prior to the commencement of [this action]. This result [would be] precisely the outcome prohibited by the <u>Rooker-Feldman</u> doctrine." <u>In re</u> <u>Madera</u>, 388 B.R. 586, 597-98 (E.D.Pa.2008) (dismissing TILA claim following default foreclosure judgment).

<u>Easley v. New Century Mortg. Corp</u>. 2009 WL 2256692 at *1.

Moreover, there is a second threshold legal hurdle that the plaintiff must cross when endeavoring to bring this action. Entirely aside from the <u>Rooker-Feldman</u> doctrine, it is also well settled that an effort to use the federal courts to invalidate, challenge or:

[R]elitigate [a state] foreclosure action, . . . , is prohibited by Pennsylvania's preclusion doctrine. Federal courts are required to give state court judgments the same preclusive effect that the issuing state courts would give them. <u>See</u> <u>Rycoline Prods., Inc. v. C & W Unlimited</u>, 109 F.3d 883, 887 (3d Cir.1997). Under Pennsylvania law, claim preclusion is a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. [Claim preclusion] applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action. <u>Balent v. City of Wilkes-Barre</u>, 542 Pa. 555, 669 A.2d 309, 313 (1995) (internal citations omitted).

<u>Moncrief v. Chase Manhattan Mortg. Corp</u>. 275 F.Appx. 149, 153 (3d Cir. 2008).

These principles are directly applicable here, and are fatal to those counts of the complaint which seek to relitigate the validity of this mortgage.  As to these claims, the gravamen of Edwards' complaint is that the mortgage itself was invalid due to some procedural or substantive shortcoming.  Thus, each of these counts invites this Court to directly or indirectly set aside the prior judgment entered by the state courts, a judgment which Edwards unsuccessfully challenged in state court.  Moreover, in each instance, these claims invite us to find that the legal predicate to this state litigation–a valid mortgage–did not exist.  These arguments, therefore, involve litigation of a claim concerning the validity of the mortgage, an issue that has been preclusively determined by the prior state litigation. In this setting, issue preclusion principles forbid us from re-visiting this question at this late date in the guise of a federal lawsuit.

> **D.**     **The Court Should Refrain From Entering Any Injunctive Relief Which Would Affect the Pending State Mortgage Foreclosure**

In addition, we note that the plaintiff also plainly requests injunctive relief which, if granted, would effectively interfere with the pending state mortgage foreclosure action in New Jersey.  (Doc. 1.)  To the extent that the complaint invites this Court to effectively enjoin this pending state case, this *pro se* pleading runs afoul of a settled tenet of federal law, the <u>Younger</u> abstention doctrine.

The <u>Younger</u> abstention doctrine is inspired by basic considerations of comity that are fundamental to our federal system of government.  As defined by the courts: "<u>Younger</u> abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding.  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')."  <u>Kendall v. Russell</u>, 572 F.3d 126, 130 (3d Cir. 2009).

This doctrine, which is informed by principles of comity, is also guided by these same principles in its application.  As the United States Court of Appeals for the Third Circuit has observed:

> "A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding."  <u>Addiction Specialists, Inc. v. Twp. of Hampton</u>, 411 F.3d 399, 408 (3d Cir.2005) (citing <u>Younger v. Harris</u>, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)).  As noted earlier, the <u>Younger</u> doctrine allows a district court to abstain, but that discretion can properly be exercised only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  <u>Matusow v. Trans-County Title Agency, LLC</u>, 545 F.3d 241, 248 (3d Cir.2008).

Kendall v. Russell, 572 F.3d at 131.

Once these three legal requirements for Younger abstention are met, the decision to abstain rests in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). Moreover, applying these standards, federal courts frequently abstain from hearing matters which necessarily interfere with on-going state cases. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

In this case, the plaintiff's *pro se* complaint reveals that all of the legal prerequisites for Younger abstention are present here. First, it is evident that there were state proceedings in this case. Second, it is also apparent that those proceedings afforded the plaintiff a full and fair opportunity to litigate the issues raised in this lawsuit in these state cases. See Sullivan v. Linebaugh, 362 F. App'x 248, 249-50 (3d Cir. 2010). Finally, it is clear that the state proceedings implicate important state interests. See, e.g., Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

Since the legal requirements for Younger abstention are fully met here, the decision to abstain rests in the sound discretion of this Court. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). However, we

-17-

believe that the proper exercise of this discretion weighs in favor of abstention and dismissal of this federal case at the present time.  Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).  Indeed, we note that the United States Court of Appeals for the Third Circuit has expressly relied upon Younger abstention in the past to decline invitations to interfere with on-going state mortgage foreclosure cases.  See Gray v. Pagano, 287 F. App'x 155, 158 (3d Cir. 2008).  Therefore, consistent with this settled case law, the court should refrain from entertaining this complaint, to the extent that it invites us to intrude into this pending state foreclosure action.

### E.   **Many of These Claims Are Time-Barred**

Further, we observe that many of the claims lodged by Edwards in this complaint are barred by the statute of limitations that are applicable to those claims. For example, Edwards brings a claim under the Real Estate Settlement Procedures Act, 12 U.S.C. §2605, *et seq.*  Such claims are typically subject to a one-year statute of limitations. 12 U.S.C. §2614. Likewise, claims under the Truth in Lending Act, 15 U.S.C. §1640(e), typically must be brought within one year of the events which are the subject of the complaint.  Similarly, claims under the Fair Debt Collection Practices Act, which is also cited by Edwards in his complaint, must be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k (d).

Here, none of Edwards' claims seem to have been timely brought.  Moreover the record of Edwards' prior proceedings reflect that he is aware of the untimeliness of these filings, since Edwards unsuccessfully brought similar statutory claims more than five years ago,  in 2009, claims that were later dismissed in 2010.  Thus, no form of tolling can appear to save these otherwise time-barred claims.  Therefore, by operation of the statute of limitations these claims should be dismissed.

### F. **Edwards' Pendent New Jersey State Law Claims Should Also Be Dismissed**

Finally, we note that this proposed disposition of the plaintiff's primary federal legal claims, in turn, suggests the appropriate course for the court to follow in addressing any ancillary state law claims that the plaintiff may wish to pursue against these defendants.  In a case such as this, where the jurisdiction of the federal court was premised on alleged federal claims which are found to be subject to dismissal because they are brought in the wrong venue, or otherwise fail, the proper course generally is for "the court [to] decline to exercise supplemental jurisdiction over the plaintiff's state law claims.  28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-... the district court has dismissed all claims over which it has original jurisdiction."); United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (holding that when federal causes of action are dismissed, federal courts should not separately entertain

pendent state claims)." <u>Bronson v. White</u>  No. 05-2150, 2007 WL 3033865, *13 (M.D.Pa. Oct. 15, 2007)(Caputo, J.)(adopting report and recommendation dismissing ancillary malpractice claim against dentist); <u>see</u> <u>Ham v. Greer</u>, 269 F. App'x 149, 151 (3d Cir. 2008)("Because the District Court appropriately dismissed [the inmate's] <u>Bivens</u> claims, no independent basis for federal jurisdiction remains.  In addition, the District Court did not abuse its discretion in declining to address the state law negligence claims. 28 U.S.C. § 1367(c)(3); <u>see</u> <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); <u>Tully v. Mott Supermkts.</u>, <u>Inc</u>., 540 F.2d 187, 196 (3d Cir.1976).")

Since we have found that Edwards' federal claims are untimely, are  brought in the wrong venue, and are barred by both the <u>Rooker-Feldman</u> and <u>Younger</u> doctrines, principles of comity and prudent case management suggest that in the exercise of our discretion we should decline to address any pendent New Jersey state law claims that Mr. Edwards wishes to pursue.  However, we recommend dismissal of those state law claims confident that the New Jersey courts can fairly adjudicate them in the context of Edwards' pending state mortgage foreclosure case.

## III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant's motion to dismiss the complaint (Doc. 10) be GRANTED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 15th day of May 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge